42 F.3d 1405
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew G. YARTZOFF, Plaintiff-Appellant,
v.
William K. REILLY, et al., Defendants-Appellees.
 No. 92-16927.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 11, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew Yartzoff appeals pro se from the district court's final judgment in favor of his former employer, the Environmental Protection Agency ("EPA"), and other defendants in his action brought under Title VII, 42 U.S.C. Sec. 2000e, alleging violations of due process and retaliation for engaging in protected activities. Yartzoff contends that the district court erred by (1) dismissing Merit Systems Protection Board ("MSPB") members as defendants, (2) striking his request for a jury trial, (3) denying his request to add a claim for compensatory damages to the retaliation claim, (4) and finding that he failed to rebut the EPA's evidence of a legitimate, nonretaliatory reason for his discharge. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 I. Background
 
 3
 Yartzoff worked as a chemist at the EPA's laboratory in Corvallis, Oregon, from December 1972 until his involuntary termination on December 7, 1983. In his complaint, Yartzoff alleged that the EPA unlawfully terminated him in retaliation for his pursuit of Title VII discrimination claims. He also alleged that Secretary Reilly and three members of the MSPB, which had affirmed the EPA's termination of Yartzoff, somehow denied his Fifth Amendment due process rights.
 
 
 4
 Prior to a one-day bench trial, the district court granted the MSPB members' motion to be dismissed as defendants. The district court also granted EPA Administrator Reilly's motions to dismiss Yartzoff's due process claim and strike his request for jury trial. In addition, the district court denied Yartzoff's request to amend his retaliation claim to include a request for compensatory damages. After trial, the district court found that Yartzoff had established a prima facie case of retaliation, but had failed to provide any evidence to rebut the EPA's evidence of a legitimate, nonretaliatory reason for his termination. Accordingly, the district court granted judgment for the EPA.
 
 II. Analysis
 
 5
 A. Dismissal of Due Process Claim and MSPB Defendants
 
 
 6
 We review de novo dismissals for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We may affirm the district court's decision on any grounds supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 7
 A former federal civil service employee is precluded from bringing against individual federal defendants a Bivens action alleging constitutional violations with respect to his employment. Williams v. United States Gen. Servs. Admin., 905 F.2d 308, 311 (9th Cir.1990). Accordingly, the district court properly dismissed Yartzoff's due process claim against Secretary Reilly. See id.
 
 
 8
 The gist of Yartzoff's due process claim is that he was initially denied a hearing by an administrative law judge who was not named as a defendant. To the extent that Yartzoff's complaint challenged the actions of the MSPB defendants, it was for affirming Yartzoff's termination after he was given an administrative hearing, not for any alleged due process violations. Because Yartzoff failed to state a cognizable due process claim against the MSPB defendants, the district court properly dismissed them as defendants. See Kruso, 872 F.2d at 1427.
 
 B. Jury Trial and Compensatory Damages
 
 9
 The interpretation of a statute is a question of law reviewed de novo. Braun v. INS, 992 F.2d 1016, 1018 (9th Cir.1993).
 
 
 10
 The Title VII employment provisions that were in effect at the time Yartzoff's complaint was filed precluded compensatory damages and jury trials in Title VII actions. See Landgraf v. USI Film Prods., 114 S.Ct. 1483, 1491 (1994) (compensatory damages); Slack v. Havens, 522 F.2d 1091, 1094 (9th Cir.1975) (jury trial). Yartzoff's contention that passage of the Civil Rights Act of 1991 ("Act") entitled him to a jury trial and permitted a request for compensatory damages is meritless. The Supreme Court has held that the Act's provisions for jury trials and compensatory damages in Title VII actions are not to be applied retroactively. See Landgraf, 114 S.Ct. at 1488. Therefore, the district court correctly struck Yartzoff's request for a jury trial and disallowed his request for compensatory damages. See id.
 
 C. Trial Verdict
 
 11
 The trial judge's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses." Fed.R.Civ.P. 52(a); Brooker v. Desert Hosp. Corp., 947 F.2d 412, 415 (9th Cir.1991). The district court's conclusions of law are reviewed de novo. Id.
 
 
 12
 In Title VII retaliation cases, once the plaintiff has established a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, nonretaliatory explanation for its decisions.... [Once the defendant meets this burden,] the legally mandatory inference of retaliatory discrimination arising from the plaintiff's prima facie case drops away.... The burden of production [then] shifts back to the plaintiff to show that the alleged explanation is a pretext for impermissible retaliation. This burden thus merges with the plaintiff's ultimate burden of persuading the court that he is the victim of retaliation.
 
 
 13
 Yartzoff v. Thomas, 809 F.2d 1371, 1376-77 (9th Cir.1987) (citations omitted).
 
 
 14
 The district court found that the EPA produced substantial evidence of Yartzoff's uncooperative, insubordinate behavior on several occasions. The court also found that the EPA terminated Yartzoff because of this behavior which culminated in his refusal to attend a scheduled meeting with his supervisor to discuss his performance evaluation. Finally, the court found that Yartzoff failed to prove that the EPA's evidence of Yartzoff's insubordination was a mere pretext for impermissible retaliation. The court rejected Yartzoff's explanation that he was justified in refusing to meet with his supervisor because the meeting itself was a retaliatory act, and his supervisor had already made up his mind to give Yartzoff a bad evaluation.
 
 
 15
 The record supports the district court's findings, and Yartzoff has failed to demonstrate that they are clearly erroneous. Accordingly, the judgment of the district court is
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument, and therefore denies appellant's request for oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3