42 F.3d 1405
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Garabed Haroutun ZABOUNIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70394.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1994.*
Decided Nov. 30, 1994.
 
 Before: WIGGINS, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Garabed Haroutun Zabounian, an Armenian national, was found deportable by an immigration judge ("IJ") based on two drug-related convictions. The Board of Immigration Appeals ("BIA") affirmed the IJ's denial of Zabounian's request for a section 212(c) waiver of inadmissibility. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a. We reverse and remand to the BIA for further consideration.
 
 FACTS
 
 3
 Zabounian entered the United States in 1976, at the age of nine. In 1987, Zabounian was convicted of "possession for sale of cocaine" in violation of Cal. Health & Safety Code Sec. 11351.5. In August 1989, the INS issued an Order to Show Cause ("OSC") charging that Zabounian was deportable under section 241(a)(11) of the Immigration and Nationality Act (the "Act"), based on his conviction for violating "any law or regulation relating to a controlled substance." 8 U.S.C. Sec. 1251(a)(11) (now renumbered as section 241(a)(2)(B)(i), 8 U.S.C. Sec. 1251(a)(2)(B)(i)). While on probation for the 1987 conviction, Zabounian was again convicted, in May 1989, for possession of a controlled substance in violation of Cal. Health & Safety Code Sec. 11350(a).
 
 
 4
 At his deportation hearing, Zabounian admitted the allegations in the OSC, but requested discretionary relief from deportation through a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. Sec. 1182(c). A hearing was held on the section 212(c) waiver request. The IJ's January 24, 1991 order reviewed all the factors for and against a waiver and noted that it was "a close question." The IJ ultimately found Zabounian deportable and denied the waiver.
 
 
 5
 Zabounian appealed the denial of the waiver to the BIA, arguing that the IJ had abused its discretion. The BIA considered new evidence submitted by Zabounian but concluded that the section 212(c) waiver was not warranted as a matter of discretion. The BIA's March 23, 1993 order therefore affirmed the IJ's decision and dismissed Zabounian's appeal.
 
 DISCUSSION
 
 6
 Zabounian argues that the IJ and the BIA improperly weighed the evidence supporting his request for discretionary relief. If the BIA independently reviews the merits of a section 212(c) waiver application, this court reviews only the BIA's decision and not the IJ's opinion. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993). Although the BIA's opinion does not reflect a searching or detailed analysis of the record, it does appear that the BIA engaged in an independent review and reached its own conclusion that a waiver was not warranted.[1] This court therefore must review the BIA's denial of Zabounian's section 212(c) waiver for an abuse of discretion. Paredes-Urrestarazu v. INS, 36 F.3d 801, 807 (9th Cir.1994).
 
 
 7
 The BIA must consider all the facts and circumstances of a particular case, "taking into account the social and humane considerations presented in an applicant's favor and balancing them against the adverse factors that evidence the applicant's undesirability as a permanent resident." Yepes-Prado, 10 F.3d at 1365-66. Factors weighing in favor of granting a section 212(c) waiver include:
 
 
 8
 1) family ties within the United States; 2) residence of long duration in this country (particularly when residence began at a young age); 3) hardship to the petitioner or petitioner's family if relief is not granted; 4) service in the United States armed forces; 5) a history of employment; 6) the existence of business or property ties; 7) evidence of value and service to the community; 8) proof of rehabilitation if a criminal record exists; 9) other evidence attesting to good character.
 
 
 9
 Id. at 1366 (citing In re Edwards, Interim Dec. No. 3134, 1990 WL 385757 (B.I.A. May 2, 1990)). Factors weighing against granting the waiver include:
 
 
 10
 1) the nature and underlying circumstances of the exclusion or deportation ground at issue; 2) additional violations of the immigration laws; 3) the existence, seriousness, and recency of any criminal record; 4) other evidence of bad character or the undesirability of the applicant as a permanent resident.
 
 
 11
 Id.
 
 
 12
 The BIA considered new evidence presented by Zabounian on appeal, relating to his family ties,[2] and briefly noted several factors that would support Zabounian's waiver application: Zabounian entered the United States in 1976 at the age of nine; he has worked "more or less steadily"; he has been married since 1988; he has other family ties in the U.S.;[3] and he manages the family business. As negative factors, the BIA observed that Zabounian twice has been convicted of drug-related offenses, once while he was on probation.[4] The BIA also concluded that hardship to his family and family's business would not be significant if Zabounian were deported.
 
 
 13
 However, the BIA completely failed to address the factor of rehabilitation. The agency's failure to assess all relevant factors constitutes an abuse of discretion. Rashtabadi v. INS, 23 F.3d 1562, 1570-71 (9th Cir.1994) (BIA must " 'evaluat[e] all of [the factors], assigning weight to each one separately and then to all of them cumulatively' ") (quoting Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir.1993)); Paredes-Urrestarazu, 36 F.3d at 807 (BIA must "demonstrate that it considered all appropriate factors" in determining whether or not to grant the waiver).
 
 
 14
 In particular, "evidence of rehabilitation must be considered" when a "serious criminal offense" is involved. Rashtabadi, 23 F.3d at 1571 (emphasis added).[5] As in Rashtabadi, the record in this case contains extensive evidence of rehabilitation. However, "[n]otwithstanding the evidence of rehabilitation, the BIA did not mention that factor in its decision. The failure to consider an important factor or to make a record of considering it constitutes an abuse of discretion." See Rashtabadi, 23 F.3d at 1571.
 
 
 15
 The BIA is required to "issue a reasoned disposition reflecting [its] consideration" of the relevant factors, Dragon v. INS, 748 F.2d 1304, 1307 (9th Cir.1984), and this court "cannot assume that the [BIA] considered factors that it failed to mention," Yepes-Prado, 10 F.3d at 1366. Therefore, the BIA's conclusory statement that it "thoroughly consider[ed] all facets of th[e] appeal," is not a sufficient basis from which to infer that the agency actually considered Zabounian's rehabilitation. Moreover, because new evidence was presented to the BIA, we must assume that the BIA conducted a de novo review of the IJ's decision. See Yepes-Prado, 10 F.3d at 1372 n. 18. Thus, the IJ's discussion of rehabilitation cannot "cure" the BIA's lack thereof. Id.
 
 CONCLUSION
 
 16
 For the foregoing reasons, we reverse the BIA's decision and remand the case to the BIA for further consideration of Zabounian's waiver application.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the BIA considered new evidence presented by Zabounian, if it had not engaged in de novo review, the proper course would have been for the BIA to remand to the IJ for reconsideration. Cf. Yepes-Prado, 10 F.3d at 1372 & n. 18 (where facts found by BIA on review differ from those found by IJ, BIA "either must make a de novo determination of the appropriateness of 212(c) relief or must remand the matter to the IJ for reconsideration")
 
 
 [2]
 The new evidence consisted of an affidavit indicating his belief that he has been married since 1988, and stating that he remarried his wife on April 26, 1991 because he had no proof of a 1988 marriage; and his son's birth certificate to substantiate his claim before the IJ that he and his wife had a son
 
 
 [3]
 Although it is not reflected in the BIA's opinion, the IJ noted that Zabounian's "entire family," including his father, mother, and "apparently brother," are in the United States, and are living in the same household as Zabounian, his wife, and son
 
 
 [4]
 Zabounian argues that the IJ incorrectly thought that both of Zabounian's convictions involved "trafficking" of a controlled substance and that this error may have led the IJ to deny the waiver request. However, the BIA did not make the same mistake and the BIA's correct characterization renders the IJ's error harmless. See Yepes-Prado, 10 F.3d at 1366 (de novo review by the BIA renders any errors by the IJ harmless)
 
 
 [5]
 Drug offenses, including trafficking, are considered "serious." See Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991); In re Marin, 16 I. & N. Dec. 581, 586 n. 4 (B.I.A.1978)